Argued January 12, affirmed February 8, 1978

LATHAM, *Appellant,*
*v.*
LATHAM, *Respondent.*
(No. 405-700, SC 25039)

574 P2d 644

Alan K. Brickley, West Linn, argued the cause and filed a brief for appellant.

James K. Belknap, Portland, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, Holman and Howell, Justices, and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

**GILLETTE, J.,** Pro Tempore.

This was an action for reimbursement for the reasonable value of services rendered by plaintiff (wife) to defendant (husband) during the approximately 19 years they were not married but living together as husband and wife. After a demurrer was sustained, we held the plaintiff had plead a proper cause of action and remanded the case for trial. *Latham and Latham,* 274 Or 421, 547 P2d 144 (1976). On remand, the trial court, sitting without a jury, found that recovery would be barred by a property settlement entered into between the parties shortly after the relationship terminated. From the resulting judgment for defendant, plaintiff appeals. We affirm.

The record shows that, because of a medical condition, defendant determined to separate from plaintiff on or about July 4, 1970. Plaintiff did not wish to separate, but defendant was adamant. Over the next few days, the parties discussed the division of assets which they had acquired during their relationship. Defendant relayed their tentative agreement by telephone to an attorney whom defendant had met in connection with defendant's occupation. The attorney prepared a proposed property settlement and, on July 10, 1970, the parties went to the attorney's office to review the settlement. After a discussion of the written settlement agreement, the parties executed it that same day. This settlement was the basis of the trial court's ruling in the present litigation.

Plaintiff urges that the agreement was invalid on two different grounds: that defendant concealed assets, and that plaintiff was not allowed a reasonable opportunity to have her own counsel or to be otherwise free from undue influence at the time she signed the agreement.[1]

---

[1] In her brief, plaintiff also claimed that the record would show she lacked sufficient business acumen to appreciate the meaning or consequences of the agreement she signed. However, counsel for plaintiff abandoned this contention at oral argument. The trial court found that plaintiff was a mature woman capable of understanding the events in question. The record supports this finding.

### 1. *Alleged Nondisclosure of Assets.*

■ Plaintiff first maintains that the defendant failed to disclose to her the existence of a bank account under defendant's control which contained approximately $3,200.00 on the date the settlement agreement was signed. The evidence shows, however, that $1,000.00 of the account belonged to defendant's employer, and that defendant gave plaintiff $2,000.00 from the account on July 10. Moreover, plaintiff knew of the existence of the account and may even have had access from time to time to the account's bank statements. There was no concealment.

### 2. *Independent Counsel and Undue Influence.*

■ Plaintiff testified she was emotionally upset at the time she signed the settlement, had no independent voice in its content, and was not told she was entitled to have independent counsel. However, the lawyer who prepared the settlement for the parties testified that he went over the matter with plaintiff in detail, that she rejected his suggestion of an additional term which would have favored her, that she rejected his suggestion that she obtain independent counsel, and that she was determined to conclude the matter that day. He further testified that, in his opinion, plaintiff made a rational decision to sign the agreement.

There was a question of fact for the trial court to decide, and evidence to support a determination either way. We do not re-examine the trial court's factual decision in such circumstances. *See, e.g., Schmauch v. Johnston,* 274 Or 441, 547 P2d 119 (1976).

The judgment of the trial court is affirmed.